**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| JOHN W. THADEN, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:26-cv-00428-ALM |
| EQUIFAX INFORMATION SERVICES | § | |
| LLC, EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., PINNACLE BANK | § | |
| FKA SYNOVUS BANK, and GREENSKY | § | |
| SERVICING, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant

to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint

and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of

itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies

any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint,

Equifax responds as follows:

**I.  PRELIMINARY STATEMENT**

**COMPLAINT ¶1:**

This is an action for actual, statutory, and punitive damages, costs, and attorney's fees
pursuant to 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA").

325854145v.1

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

## II.  JURISDICTION & VENUE

**COMPLAINT ¶2:**

The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681p.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1391(b)(3), and 15 U.S.C. § 1681p. Defendant Experian Information Solutions, Inc. maintains its principal United States dispute processing operations at 701 Experian Parkway, Allen, Texas 75013, which is located in Collin County within the Sherman Division of this District. All Defendants transact substantial and regular business in this District. A substantial part of the events and omissions giving rise to Plaintiff's claims, including the processing of Plaintiff's disputes, the transmission of ACDV notices, and the furnishing and reporting of inaccurate consumer credit information, occurred within this District.

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission. Equifax denies the remaining allegations in this paragraph as they relate to it.

**COMPLAINT ¶4:**

Joinder in this district is proper as to all Defendants under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all Defendants.

325854145v.1

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.  Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

### III.  PARTIES AND SERVICE

**Plaintiff John W. Thaden**

**COMPLAINT ¶5:**

Plaintiff John W. Thaden is a resident of Nassau County, Florida.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶6:**

At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c).

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

**Defendant Experian Information Solutions, Inc.**

**COMPLAINT ¶7:**

Defendant Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and maintains its principal United States dispute processing center at 701 Experian Parkway, Allen, Texas 75013, within the Sherman Division of this District.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325854145v.1

**COMPLAINT ¶8:**

Experian conducts substantial and regular business activities in this judicial district.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶9:**

Experian may be served with process upon CT Corporation System, its registered agent for service of process in Texas, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶10:**

At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325854145v.1

**Defendant Equifax Information Services LLC**

**COMPLAINT ¶12:**

Defendant Equifax is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax also admits that it is registered to do business in the State of Texas.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶13:**

Equifax's corporate headquarters is located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

**ANSWER:**

Equifax admits that it maintains its principal address at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

**COMPLAINT ¶14:**

Equifax may be served with process upon CT Corporation System, its registered agent for service of process, Corporation Services Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

**ANSWER:**

Equifax admits that it may be served through its registered agent, Corporation Service Company.

**COMPLAINT ¶15:**

At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

-5-

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶16:**

At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**ANSWER:**

Equifax admits that, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation.  Equifax denies the remaining allegations in this paragraph.

**Defendant Pinnacle Bank FKA Synovus Bank**

**COMPLAINT ¶17:**

Defendant Pinnacle Bank FKA Synovus Bank ("Pinnacle Bank") is a Tennessee-chartered bank and Foreign Profit Corporation registered to do business in Texas, with its principal office address at 21 Platform Way South, Suite 2300, Nashville, Tennessee 37203.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

Pinnacle Bank is the creditor of record for the GreenSky Account as reported on Plaintiff's Equifax consumer credit report, which identifies the furnisher as "Pinnacle Bank FKA Synovus Bank."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325854145v.1

-7-

**COMPLAINT ¶19:**

Pinnacle Bank is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

Pinnacle Bank may be served with process upon CT Corporation System, its registered agent for service of process in Texas, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

At all times material hereto, Pinnacle Bank is a furnisher of information that regularly furnished information to consumer reporting agencies regarding accounts in Plaintiff's consumer file, as that term is used in 15 U.S.C. § 1681s-2.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### Defendant GreenSky Servicing, LLC

**COMPLAINT ¶22:**

Defendant GreenSky Servicing, LLC ("GreenSky") is a furnisher of information as that term is used in 15 U.S.C. § 1681s-2, and at all times relevant hereto regularly furnished information to consumer reporting agencies regarding the account at issue in this lawsuit.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325854145v.1

**COMPLAINT ¶23:**

GreenSky, LLC is a Foreign Limited Liability Company organized under the laws of the State of Georgia, with its principal office address at 5565 Glenridge Connector, Suite 700, Atlanta, Georgia 30342.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

GreenSky Servicing, LLC may be served with process upon National Registered Agents, Inc., its registered agent for service of process, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## IV.  FACTUAL ALLEGATIONS

### A.    The Fraudulent Account

**COMPLAINT ¶25:**

Plaintiff has never applied for, opened, authorized, or had any financial relationship with Pinnacle Bank, Synovus Bank, or GreenSky. Plaintiff has never entered into any agreement with these entities, has never received any funds from them, and has never incurred any obligation on the account at issue.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

An account identified on Plaintiff's Equifax credit report as "Pinnacle Bank FKA Synovus Bank / GreenSky," Account No. ending in *3080, and on Plaintiff's Experian credit report as "SYNOVUSBK/GREENSKY," Account No. 710000XXXXXXXXXX (the "GreenSky Account"), has been reported as belonging to Plaintiff. The GreenSky Account reflects: a date

325854145v.1

opened of August 21, 2023; a charge-off status as of November 2024; a charged-off balance of $9,814.00; a past due amount of $9,814.00; and a term of 84 months.

**ANSWER:**

Equifax admits that, at time, GC Loan Services/Synovus has furnished an account to it purportedly concerning Plaintiff. Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

The GreenSky Account does not belong to Plaintiff. Plaintiff believes the account is the result of identity theft, mixed file reporting, or a furnisher reporting error. The continued reporting of this charged-off account in the amount of $9,814.00 on Plaintiff's consumer credit reports is false, misleading, and materially inaccurate.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

Experian's own records reflect that as of December 2024, the SYNOVUSBK/GREENSKY tradeline "was updated from our processing of your dispute in Dec 2024." Notwithstanding this prior dispute activity, the account remained on Plaintiff's Experian credit report with a full charge-off balance of $9,814.00.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**B.    Experian Disputes**

**COMPLAINT ¶29:**

On February 24, 2026, Plaintiff authorized a formal written dispute to be sent on his behalf to Experian via USPS Certified Mail (Tracking No. 9207 1901 4298 0453 4518 40), disputing the SYNOVUSBK/GREENSKY account. The dispute letter stated that the account did not belong to

-9-

Plaintiff and was supported by enclosures including Plaintiff's Experian credit report excerpt, driver's license, Social Security card, and proof of current residence.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

In response to Plaintiff's February 24, 2026 dispute, Experian issued a suspension letter dated March 3, 2026 (Report No. 0219-5110-10), stating it had received a request regarding Plaintiff's credit information that did not appear to have been sent directly by or authorized by Plaintiff and that as a precautionary measure it had taken no action. Experian did not conduct a reinvestigation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶31:**

On March 10, 2026, Plaintiff authorized a second formal written dispute to be sent on his behalf to Experian via USPS Certified Mail (Tracking No. 9207 1901 4298 0466 2958 99), again disputing the SYNOVUSBK/GREENSKY account and enclosing the same supporting documentation. The dispute letter stated that the account did not belong to Plaintiff and was supported by enclosures including Plaintiff's Experian credit report excerpt, driver's license, Social Security card, and proof of current residence.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

In response to Plaintiff's March 10, 2026 second dispute, Experian again issued a suspension letter dated March 17, 2026 (Report No. 0389-2201-84), stating it had received a request regarding Plaintiff's credit information that did not appear to have been sent directly by or authorized by Plaintiff and that as a precautionary measure it had taken no action.

-10-

325854145v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

As of the date of this Complaint, Experian has not removed the SYNOVUSBK/GREENSKY tradeline from Plaintiff's credit report and has not conducted any reinvestigation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**C.    Equifax Dispute**

**COMPLAINT ¶34:**

On March 6, 2026, Plaintiff authorized a formal written dispute to be sent on his behalf to Equifax via USPS Certified Mail (Tracking No. 9207 1901 4298 0461 5576 02), disputing the Pinnacle Bank FKA Synovus Bank / GreenSky account ending in *3080. The dispute stated that the account did not belong to Plaintiff and was supported by enclosures including Plaintiff's Equifax credit report dated January 9, 2026 (Confirmation No. 6009589795), driver's license, Social Security card, and proof of current residence.

**ANSWER:**

Equifax admits that on March 9, 2026, it received a letter from Plaintiff, via certified mail, concerning the Pinnacle Bank f/k/a Synovus Bank/Greensky account, the contents of which speak for themselves.

**COMPLAINT ¶35:**

Equifax assigned Confirmation No. 6070527153 to the reinvestigation. Equifax's response, dated March 17, 2026, returned the following result: "WE VERIFIED THAT THIS ITEM BELONGS TO YOU. WE HAVE VERIFIED THAT THIS ITEM HAS BEEN REPORTED CORRECTLY."

325854145v.1

**ANSWER:**

Equifax admits that on March 17, 2026, it sent Plaintiff reinvestigation results, the contents

of which speak for themselves.

**COMPLAINT ¶36:**

As of March 17, 2026, the Equifax tradeline for Account *3080 continues to reflect a Balance of $9,814.00, a Status of Charge Off, and a charge-off amount of $9,892.00.

**ANSWER:**

Equifax admits that on March 17, 2026, it sent Plaintiff reinvestigation results, the contents

of which speak for themselves.

**COMPLAINT ¶37:**

Equifax's reinvestigation was facially deficient. Equifax transmitted an ACDV through the e-OSCAR automated dispute verification system to GreenSky and accepted GreenSky's verification without independently evaluating Plaintiff's evidence or conducting any inquiry into whether the account was the result of identity theft, mixed file reporting, or furnisher error. Equifax did nothing more than repeat GreenSky.

**ANSWER:**

Equifax admits that it contacted GreenSky LLC, via ACDV, in connection with its

investigation of Plaintiff's dispute, and GreenSky verified its account. Equifax denies the

remaining allegations in this paragraph.

D.    **Furnisher Investigation**

1.    **Pinnacle Bank**

**COMPLAINT ¶38:**

Defendant Pinnacle Bank is the creditor of record for the GreenSky Account as reported on Plaintiff's Equifax consumer credit report, which identifies the furnisher as "Pinnacle Bank FKA Synovus Bank." As the creditor of record, Pinnacle Bank is a furnisher of information under 15 U.S.C. § 1681s-2 with respect to the GreenSky Account.

325854145v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶39:**

Equifax forwarded Plaintiff's March 6, 2026 dispute to Pinnacle Bank and/or GreenSky Servicing, LLC via ACDV through the e-OSCAR system. Pinnacle Bank, as creditor of record, received or was aware of Plaintiff's dispute and was obligated under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation with respect to the disputed information, review all relevant information provided, and report accurate results to Equifax.

**ANSWER:**

Equifax admits that it contacted GreenSky LLC, via ACDV, in connection with its investigation of Plaintiff's dispute. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶40:**

Pinnacle Bank failed to conduct a reasonable investigation. Pinnacle Bank verified the GreenSky Account as accurately reported and belonging to Plaintiff without genuinely investigating Plaintiff's claim of non-ownership and without adequately reviewing or considering the documentation Plaintiff submitted with his dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶41:**

Pinnacle Bank also received dispute notification from Experian in connection with Plaintiff's disputes and likewise failed to conduct a reasonable investigation or take appropriate corrective action.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

-13-

325854145v.1

**COMPLAINT ¶42:**

Due to Defendant Pinnacle Bank's negligent and willful failure to conduct a reasonable investigation, Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### 2.    **Defendant GreenSky**

**COMPLAINT ¶43:**

Upon Equifax's transmission of an ACDV dispute notice to GreenSky pursuant to Plaintiff's March 6, 2026 dispute, GreenSky was obligated under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation with respect to the disputed information, review all relevant information provided by Equifax, report the results of its investigation to Equifax, and, if the information was found to be inaccurate, incomplete, or unverifiable, modify, delete, or permanently block the reporting of that information.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶44:**

GreenSky responded to Equifax's ACDV by verifying the account as accurately reported and belonging to Plaintiff. GreenSky's investigation was unreasonable. GreenSky did not genuinely investigate Plaintiff's claim that the account did not belong to him. GreenSky did not adequately review or consider the documentation Plaintiff submitted with his dispute.

**ANSWER:**

Equifax admits that it contacted GreenSky LLC, via ACDV, in connection with its investigation of Plaintiff's dispute, and GreenSky verified its account. Equifax lacks knowledge

325854145v.1

or information sufficient to form a belief regarding the remaining allegations in this paragraph and,

on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

GreenSky did nothing more than confirm its own records without conducting any meaningful investigation into Plaintiff's claim of non-ownership.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶46:**

GreenSky also received dispute notification from Experian in connection with Plaintiff's disputes and likewise failed to conduct a reasonable investigation or take appropriate corrective action.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶47:**

Due to Defendant GreenSky's negligent and willful failure to conduct a reasonable investigation, Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**E.    Adverse Actions Suffered by Plaintiff**

**COMPLAINT ¶48:**

As a direct and proximate result of Defendants' inaccurate reporting of the GreenSky Account, Plaintiff suffered multiple adverse credit. actions.

325854145v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶49:**

On February 9, 2026, Pentagon Federal Credit Union ("PenFed") denied Plaintiff's application for a credit card. PenFed cited Equifax as the reporting agency, reflected a credit score of 603, and identified "occurrence of severe derogatory event" as a reason for denial. The inaccurate GreenSky charge-off on Plaintiff's Equifax report constitutes the severe derogatory event that directly caused this denial.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶50:**

On February 9, 2026, Bank of America denied Plaintiff's application for a Customized Cash Rewards Visa Signature Card (Reference No. 421793102Y). Bank of America cited Experian as the reporting agency, reflected a FICO score of 675, and cited "current or past delinquency, derogatory public record(s), and/or collection account(s)" and "serious delinquency" as the reasons for denial. The serious delinquency cited corresponds directly to the inaccurate GreenSky charge-off on Plaintiff's Experian report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶51:**

On March 30, 2026, Langley Federal Credit Union denied Plaintiff's application for a new credit card. Langley cited Equifax as the reporting agency, reflected a credit score of 678, and cited "serious delinquency" as the first key factor adversely affecting Plaintiff's score. The inaccurate GreenSky charge-off on Plaintiff's Equifax report constitutes the serious delinquency factor responsible for this denial.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶52:**

On April 4, 2026, American Express denied Plaintiff's application for a Platinum Card (Ref. No. 20260896066152USD). American Express cited Experian as the reporting agency, reflected a FICO score of 677, and identified "you have a serious delinquency on one or more of

-16-

your accounts" as the first key adverse factor. The inaccurate GreenSky charge-off on Plaintiff's Experian report is the serious delinquency identified as the basis for denial.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶53:**

All four adverse actions cite serious delinquency as the primary reason for denial. This delinquency is attributable directly and proximately to the inaccurate GreenSky charged-off tradeline reported on Plaintiff's Equifax and Experian credit reports. But for the inaccurate reporting of this account, Plaintiff would not have suffered these credit denials.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Negligent Violation of 15 U.S.C. § 1681i(a) as to Defendant Experian**

**COMPLAINT ¶54:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶55:**

Experian negligently violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

-17-

**COMPLAINT ¶56:**

The failure of Experian to comply with the FCRA includes the following:

a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.  The failure to correct erroneous information regarding Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information that Experian had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶57:**

As a direct result Experian's conduct, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

-18-

**SECOND CAUSE OF ACTION**
**Willful Violation of 15 U.S.C. § 1681i(a) as to Defendant Experian**

**COMPLAINT ¶58:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶59:**

Experian willfully violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies. Experian's systematic policy of issuing suspension letters to certified mail disputes, refusing all investigation on the ground that the dispute may not have been sent directly by the consumer, while possessing comprehensive identity documentation establishes knowing or reckless disregard of § 1681i obligations.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶60:**

The failure of Experian to comply with the FCRA includes the following:

a.     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.     The failure to correct erroneous information regarding Plaintiff after a reasonable request by Plaintiff;

c.     The failure to remove or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.     The failure to promptly and adequately investigate information that Experian had notice was inaccurate;

e.     The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

-19-

f.      The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.      The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶61:**

As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**THIRD CAUSE OF ACTION**
**Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant Experian**

**COMPLAINT ¶62:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶63:**

Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff

-20-

325854145v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶64:**

The failure of Experian to comply with the FCRA includes the following:

a.    The failure. to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.    The failure to correct erroneous information regarding Plaintiff after a reasonable request by Plaintiff;

c.    The failure to remove or correct the inaccuracy and derogatory credit information after a reasonable request. by Plaintiff;

d.    The failure to promptly and adequately investigate information that Experian had notice was inaccurate;

e.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶65:**

As a result of the conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

325854145v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## FOURTH CAUSE OF ACTION
### Willful Violation of 15 U.S.C. § 1681e(b) as to Defendant Experian

**COMPLAINT ¶66:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶67:**

Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶68:**

The failure of Experian to comply with the FCRA includes the following:

a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.   The failure to correct erroneous information regarding Plaintiff after a reasonable request by Plaintiff;

c.   The failure to remove or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.   The failure to promptly and adequately investigate information that Experian had notice was inaccurate;

-22-

e.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f     The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶69:**

As a result of the conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**FIFTH CAUSE OF ACTION**
**Negligent Violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax**

**COMPLAINT ¶70:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

-23-

**COMPLAINT ¶71:**

Equifax negligently violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶72:**

The failure of Equifax to comply with the FCRA includes the following:

a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.  The failure to correct erroneous information regarding Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information that Equifax had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶73:**

As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

-24-

-25-

**ANSWER:**

Equifax denies the allegations in this paragraph.

**SIXTH CAUSE OF ACTION**
**Willful Violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax**

**COMPLAINT ¶74:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶75:**

Equifax willfully violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations. Equifax's reliance on rote ACDV-based verification without independent review of Plaintiff's identity documentation, in the face of a documented non-ownership claim, constitutes knowing or reckless disregard of § 1681i obligations.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶76:**

The failure of Equifax to comply with the FCRA includes the following:

a.     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.     The failure to correct erroneous information regarding Plaintiff after a reasonable request by Plaintiff;

c.     The failure to remove or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.     The failure to promptly and adequately investigate information that Equifax had notice was inaccurate;

-25-

e.      The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.      The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.      The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶77:**

As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**SEVENTH CAUSE OF ACTION**
**Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax**

**COMPLAINT ¶78:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶79:**

Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff

325854145v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶80:**

The failure of Equifax to comply with the FCRA includes the following:

a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.   The failure to correct erroneous information regarding Plaintiff after a reasonable request by Plaintiff;

c.   The failure to remove or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.   The failure to promptly and adequately investigate information that Equifax had notice was inaccurate;

e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶81:**

As a result of the conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325854145v.1

## EIGHTH CAUSE OF ACTION
### Willful Violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax

**COMPLAINT ¶82:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶83:**

Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶84:**

The failure of Equifax to comply with the FCRA includes the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous information regarding Plaintiff after a reasonable request by Plaintiff;

c. The failure to remove or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information that Equifax had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

-28-

h.      The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶85:**

As a result of the conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**NINTH CAUSE OF ACTION**
**Negligent Violation of 15 U.S.C. § 1681s-2(b) as to Defendant GreenSky**

**COMPLAINT ¶86:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶87:**

GreenSky negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's dispute after receiving notice from the consumer reporting agencies, and by verifying the GreenSky Account as accurately reported without genuinely investigating Plaintiff's claim of non-ownership.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶88:**

The failure of GreenSky to comply with the FCRA includes the following:

325854145v.1

a.  The failure to conduct a reasonable investigation with respect to the disputed information;

b.  The failure to review all relevant information provided by the consumer reporting agency, including Plaintiff's identity documentation and his assertion of non-ownership;

c.  The failure to report the results of a genuine investigation to the consumer reporting agencies;

d.  The failure to modify, delete, or permanently block the reporting of information found to be inaccurate, incomplete, or unverifiable;

e.  The continual furnishing of inaccurate information after receiving notice of dispute from consumer reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶89:**

As a result of the conduct, action, and inaction of GreenSky, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**TENTH CAUSE OF ACTION**
**Willful Violation of 15 U.S.C. § 1681s-2(b) as to Defendant GreenSky**

**COMPLAINT ¶90:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

325854145v.1

**COMPLAINT ¶91:**

GreenSky willfully violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation after receiving notice of Plaintiff's dispute from the consumer reporting agencies. GreenSky's reckless verification of the GreenSky Account as belonging to Plaintiff, in the face of a documented non-ownership claim supported by identity documents, constitutes a knowing or reckless disregard of its statutory obligations.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶92:**

The failure of GreenSky to comply with the FCRA includes the following:

a.  The failure to conduct a reasonable investigation with respect to the disputed information;

b.  The failure to review all relevant information provided by the consumer reporting agency, including Plaintiff's identity documentation and his assertion of non-ownership;

c.  The failure to report the results of a genuine investigation to the consumer reporting agencies;

d.  The failure to modify, delete, or permanently block the reporting of information found to be inaccurate, incomplete, or unverifiable;

e.  The continual furnishing of inaccurate information after receiving notice of dispute from consumer reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶93:**

As a result of the conduct, action, and inaction of GreenSky, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

-31-

325854145v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**ELEVENTH CAUSE OF ACTION**
**Negligent Violation of 15 U.S.C. § 1681s-2(b) as to Defendant Pinnacle Bank**

**COMPLAINT ¶94:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶95:**

Pinnacle Bank negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's dispute after receiving notice from the consumer reporting agencies, and by verifying the GreenSky Account as accurately reported without genuinely investigating Plaintiff's claim of non-ownership.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶96:**

The failure of Pinnacle Bank to comply with the FCRA includes the following:

a.    The failure to conduct a reasonable investigation with respect to the disputed information;

b.    The failure to review all relevant information provided by the consumer reporting agency, including Plaintiff's identity documentation and his assertion of non-ownership;

c.    The failure to report the results of a genuine investigation to the consumer reporting agencies;

-32-

325854145v.1

d.  The failure to modify, delete, or permanently block the reporting of information found to be inaccurate, incomplete, or unverifiable;

e.  The continual furnishing of inaccurate information after receiving notice of dispute from consumer reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶97:**

As a result of the conduct, action, and inaction of Pinnacle Bank, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**TWELFTH CAUSE OF ACTION**
**Willful Violation of 15 U.S.C. § 1681s-2(b) as to Defendant Pinnacle Bank**

**COMPLAINT ¶98:**

Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶99:**

Pinnacle Bank willfully violated 15  §  1681s-2(b) by failing to conduct a reasonable investigation after receiving notice of Plaintiff's dispute from the consumer reporting agencies. Pinnacle Bank's reckless verification of the GreenSky Account as belonging to Plaintiff, in the face of a documented non-ownership claim supported by government-issued identity documents, constitutes a knowing or reckless disregard of its statutory obligations.

325854145v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶100:**

The failure of Pinnacle Bank to comply with the FCRA includes the following:

a.      The failure to conduct a reasonable investigation with respect to the disputed information;

b.      The failure to review all relevant information provided by the consumer reporting agency, including Plaintiff's identity documentation and his assertion of non-ownership;

c.      The failure to report the results of a genuine investigation to the consumer reporting agencies;

d.      The failure to modify, delete, or permanently block the reporting of information found to be inaccurate, incomplete, or unverifiable;

e.      The continual furnishing of inaccurate information after receiving notice of dispute from consumer reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶101:**

As a result of the conduct, action, and inaction of Pinnacle Bank, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

-34-

## DEMAND FOR TRIAL BY JURY

### COMPLAINT ¶102:

Plaintiff requests a trial by jury on all issues and counts triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### ANSWER:

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against each Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from each Defendant;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant;

4. Awarding Plaintiff pre- and post-judgment interest;

5. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2); and

6. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

### ANSWER:

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

325854145v.1

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it.  Equifax is neither incorporated nor headquartered in Texas, and the conduct giving rise to Plaintiff's claim occurred outside of Texas and was not targeted at Texas.

## SECOND DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit report(s).

## THIRD DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

## FOURTH DEFENSE

Subject to proof through discovery, Plaintiff's causes of action are barred, in whole or in part, by the statute of limitations and/or statute of repose.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

-36-

325854145v.1

-37-

DATED:  June 4, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Jennifer R. Brooks*

Jennifer R. Brooks, Bar No. 24103791
jrbrooks@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660
Dallas, Texas  75201
Telephone:  (469) 608-6730

*Counsel for Defendant*
*Equifax Information Services LLC*

325854145v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

         */s/ Jennifer R. Brooks*
         Jennifer R. Brooks
         *Counsel for Defendant*
         *Equifax Information Services LLC*

325854145v.1