

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN W. THADEN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-00428 |
| | § | |
| EQUIFAX INFORMATION SERVICES, LLC, | § | |
| EXPERIAN INFORMATION SOLUTIONS, | § | |
| INC., PINNACLE BANK FKA SYNOVUS | § | |
| BANK AND GREENSKY SERVING, LLC., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## DEFENDANT PINNACLE BANK FKA SYNOVUS BANK'S ORIGINAL ANSWER

Defendant Pinnacle Bank FKA Synovus Bank (hereinafter "Defendant") files this Original Answer to Plaintiff's Original Complaint, and shows:

### I. PRELIMINARY STATEMENT

1. The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

### II.      JURISDICTION AND VENUE

2. The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

3.    Defendant states that it does not contest venue. The remaining allegations in this paragraph of the Complaint call for legal conclusions and, therefore, no further response is required.

4.    The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

### III.    PARTIES AND SERVICE

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

6.    The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

**Defendant Experian Information Solutions, Inc.**

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

**Defendant Equifax Information Services, LLC**

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

**Defendant Pinnacle Bank FKA Synovus Bank**

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

18.     Defendant admits the allegations in this paragraph of Plaintiff's Original Complaint.

19.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

21.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

**Defendant GreenSky Servicing, LLC**

22.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

23.     Defendant admits the allegations in this paragraph of Plaintiff's Original Complaint.

24.     Defendant admits the allegations in this paragraph of Plaintiff's Original Complaint.

## IV.     FACTUAL ALLEGATIONS

### A.     The Fraudulent Account

25.     Defendant denies the allegations in this paragraph of Plaintiff's Original Complaint.

26.     Defendant admits that Plaintiff opened an account for a loan which was serviced by GreenSky, LLC, and GreenSky, LLC made various efforts to collect on this loan on behalf of the lender. As to the remaining allegations in this paragraph of Plaintiff's Original Complaint, Defendant lacks sufficient knowledge to form a belief as to those allegations.

27.     Defendant denies the allegations in this paragraph of Plaintiff's Original Complaint.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

### B.     Experian Disputes

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

## C.     Equifax Dispute

34. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of Plaintiff's Original Complaint.

## D.     Furnisher Investigation

### 1.     Pinnacle Bank

38. Defendant admits that Plaintiff opened an account for a loan which was serviced by GreenSky, LLC, and GreenSky, LLC made various efforts to collect on this loan on behalf of the Pinnacle Bank. Defendant denies any remaining allegations in this paragraph of Plaintiff's Original Complaint.

39.     At this time, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Equifax forwarded Plaintiff's March 6, 2026 dispute. Defendant denies any remaining allegations in this paragraph of Plaintiff's Original Complaint.

40.     Defendant denies the allegations in this paragraph of Plaintiff's Original Complaint.

41.     Defendant denies the allegations in this paragraph of Plaintiff's Original Complaint.

42.     Defendant denies the allegations in this paragraph of Plaintiff's Original Complaint.

**Defendant Greensky**

43.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

44.     Defendant admits that it verified the account was accurately reported and belonged to Plaintiff. Defendant denies any remaining allegations in this paragraph of Plaintiff's Original Complaint.

45.     Defendant denies the allegations in this paragraph of Plaintiff's Original Complaint.

46.     Defendant denies the allegations in this paragraph of Plaintiff's Original Complaint.

47.     Defendant denies the allegations in this paragraph of Plaintiff's Original Complaint.

**Adverse Actions Suffered by Plaintiff**

48.     Defendant denies the allegations in this paragraph of Plaintiff's Original Complaint.

49.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff was denied a credit card.  Defendant denies any remaining allegations in this paragraph of Plaintiff's Original Complaint.

50.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff was denied a credit card.  Defendant denies any remaining allegations in this paragraph of Plaintiff's Original Complaint.

51.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff was denied a credit card.  Defendant denies any remaining allegations in this paragraph of Plaintiff's Original Complaint.

52.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff was denied a credit card.  Defendant denies any remaining allegations in this paragraph of Plaintiff's Original Complaint.

53.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff was denied a credit card.  Defendant denies any remaining allegations in this paragraph of Plaintiff's Original Complaint.

## V.    CAUSES OF ACTION

### First Cause of Action:

### Negligent Violation of 15 USC § 1681i(a) as to Defendant Experian

54.    In response to this paragraph of Plaintiff's Original Complaint, Defendant realleges, restates, and reavers its responses in the above paragraphs as if fully rewritten herein.

55.    The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

56.    The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

57. The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

### Second Cause of Action:

### Willful Violation of 15 USC § 1681i(a) as to Defendant Experian

58. In response to this paragraph of Plaintiff's Original Complaint, Defendant realleges, restates, and reavers its responses in the above paragraphs as if fully rewritten herein.

59. The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

60. The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

61. The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

### Third Cause of Action:

### Negligent Violation of 15 USC § 1681i(b) as to Defendant Experian

62. In response to this paragraph of Plaintiff's Original Complaint, Defendant realleges, restates, and reavers its responses in the above paragraphs as if fully rewritten herein.

63. The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

64.   The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

65.   The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

## Fourth Cause of Action:

## Willful Violation of 15 USC § 1681e(b) as to Defendant Experian

66.   In response to this paragraph of Plaintiff's Original Complaint, Defendant realleges, restates, and reavers its responses in the above paragraphs as if fully rewritten herein.

67.   The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

68.   The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

69.   The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

## Fifth Cause of Action:

## Negligent Violation of 15 USC § 1681i(a) as to Defendant Equifax

70.   In response to this paragraph of Plaintiff's Original Complaint, Defendant realleges, restates, and reavers its responses in the above paragraphs as if fully rewritten herein.

71.    The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

72.    The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

73.    The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

### Sixth Cause of Action:

### Willful Violation of 15 USC § 1681i(a) as to Defendant Equifax

74.    In response to this paragraph of Plaintiff's Original Complaint, Defendant realleges, restates, and reavers its responses in the above paragraphs as if fully rewritten herein.

75.    The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

76.    The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

77.    The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

### Seventh Cause of Action:

**Negligent Violation of 15 USC § 1681e(b) as to Defendant Equifax**

78.     In response to this paragraph of Plaintiff's Original Complaint, Defendant realleges, restates, and reavers its responses in the above paragraphs as if fully rewritten herein.

79.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

80.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

81.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

**Eighth Cause of Action:**

**Willful Violation of 15 USC § 1681e(b) as to Defendant Equifax**

82.     In response to this paragraph of Plaintiff's Original Complaint, Defendant realleges, restates, and reavers its responses in the above paragraphs as if fully rewritten herein.

83.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

84.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

85.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

### Ninth Cause of Action:

### Negligent Violation of 15 USC § 1681s-2(b) as to Defendant GreenSky

86.     In response to this paragraph of Plaintiff's Original Complaint, Defendant realleges, restates, and reavers its responses in the above paragraphs as if fully rewritten herein.

87.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

88.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

89.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

### Tenth Cause of Action:

### Willful Violation of 15 USC § 1681s-2(b) as to Defendant GreenSky

90.     In response to this paragraph of Plaintiff's Original Complaint, Defendant realleges, restates, and reavers its responses in the above paragraphs as if fully rewritten herein.

91.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

92.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

93.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

## Eleventh Cause of Action:

## Negligent Violation of 15 USC § 1681s-2(b) as to Defendant Pinnacle Bank

94.     In response to this paragraph of Plaintiff's Original Complaint, Defendant realleges, restates, and reavers its responses in the above paragraphs as if fully rewritten herein.

95.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

96.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

97.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

## Twelfth Cause of Action:

## Willful Violation of 15 USC § 1681s-2(b) as to Defendant Pinnacle Bank

98.     In response to this paragraph of Plaintiff's Original Complaint, Defendant realleges, restates, and reavers its responses in the above paragraphs as if fully rewritten herein.

99.     The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

100.    The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

101.    The allegations in this paragraph call for legal conclusions and, therefore, no response is required. To the extent a response would be required, Defendant denies any and all allegations contained in this paragraph of the Complaint.

## DEMAND FOR TRIAL BY JURY

102.    Defendant also demands a trial by jury.

## PRAYER FOR RELIEF

The WHEREFORE paragraph (and subparts) appears to be a request for relief which requires no response of Defendant. To the extent the WHEREFORE paragraph (and subparts) of the Complaint would require a response, Defendant therefore denies the same and explicitly denies that Plaintiff suffered any damages or that Defendant is liable to him.

## FIRST DEFENSE

103.    Pursuant to the facts alleged in the Complaint, Plaintiff's claims are barred to the extent that Plaintiffs' damages, if any, were caused by Plaintiffs' own acts, omissions, or negligence, or other acts or omissions of third parties other than Defendant.

## SECOND DEFENSE

104.    Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

## THIRD DEFENSE

105.    Plaintiff has failed to join a necessary party or parties herein.

## FOURTH DEFENSE

106.    Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

## FIFTH DEFENSE

107.    Plaintiff has failed to mitigate his damages.

## SIXTH DEFENSE

108.    Defendant is entitled to a setoff for any and all sums received by Plaintiff.

## SEVENTH DEFENSE

109.    Defendant is entitled to apportion the negligence and/or fault of any and all parties and nonparties to this action.

## EIGHTH DEFENSE

110.    Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## NINTH DEFENSE

111.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## TENTH DEFENSE

112.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH DEFENSE

113.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

## TWELFTH DEFENSE

114.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, equitable estoppel and/or quasi-estoppel.

## FIFTEENTH DEFENSE

115.    Defendant, by virtue of pleading a defense above, does not admit that said defenses are affirmative defenses within the meaning of applicable law, and Defendant does not thereby assume a burden of proof or production not otherwise imposed upon it as a matter of law. In addition, in asserting any of the above defenses, Defendant does not admit any fault, responsibility, liability or damage but, to the contrary, expressly denies the same. Discovery has yet to commence, the results of which may disclose the existence of facts supporting further and additional defenses. Defendant, therefore, reserves the right to seek leave of this Court to amend its Answer to Plaintiff's Complaint as it deems appropriate.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Pinnacle Bank FKA Synovus Bank respectfully prays that Plaintiff take nothing by his pleading, allegations, and claims; that Defendant recover its court costs and expenses incurred in defending this lawsuit; and that the Court grant Defendant all other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

**MACDONALD DEVIN MADDEN**
**KENEFICK HARRIS QUINN, PC**

By:    */s/ Sean W. Fleming*
**SEAN W. FLEMING**
State Bar No. 24027250
SFleming@MacdonaldDevin.com
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Phone: (214) 744-3300
Fax: (214) 747-0942

**COUNSEL FOR DEFENDANT**

PINNACLE BANK FKA SYNOVUS
BANK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via the E-Filing Portal to those parties who receive notice via the E-Filing Portal in the ordinary course of business on this 8th day of June, 2026.

*/s/ Sean W. Fleming*
**Sean W. Fleming**