## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **JOHN W THADEN,**<br><br>**Plaintiff,**<br>v.<br><br>**EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., PINNACLE BANK FKA SYNOVUS BANK, and GREENSKY SERVICING, LLC**<br><br>**Defendants,** | **Civil Action Number:**<br>**4:26-cv-00428** |

### INITIAL JOINT STATUS REPORT

Plaintiff John W. Thaden ("Plaintiff") and Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Pinnacle Bank FKA Synovus Bank ("Pinnacle Bank"), and GreenSky Servicing, LLC ("GreenSky") (collectively, "Defendants"), by and through their respective counsel, file this Joint Report of Attorney Conference in accordance with Federal Rules of Civil Procedure 16(b) and 26(f) and the Court's Order Governing Proceedings dated June 4, 2026 (Doc. 21).

### I. MEETING

On June 23, 2026, counsel for each of the parties conferred via teams meeting regarding the matters specified in Rule 26(f) and the Court's Order Governing Proceedings.

### II. REPORT

**1. Brief Factual and Legal Synopsis**
**Plaintiff's Statement:** Plaintiff brings this action for actual, statutory, and punitive damages, attorneys' fees, and costs pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

Page **1** of **13**

326737536v.1

("FCRA"). Plaintiff alleges that an account associated with Pinnacle Bank FKA Synovus Bank and GreenSky Servicing, LLC (the "GreenSky Account"), which does not belong to him, was inaccurately reported as a charged-off account in the amount of $9,814.00 on his Equifax and Experian consumer credit reports. Plaintiff disputes that the account is his, it is the result of identity theft, mixed-file reporting, or furnisher error. Plaintiff submitted formal written disputes to Experian on February 24, 2026 and March 10, 2026, and to Equifax on March 6, 2026. Experian issued suspension letters in response to both disputes, refusing to conduct any reinvestigation. Equifax conducted a reinvestigation but verified the account as accurately reported based solely on GreenSky's ACDV response without independently evaluating Plaintiff's documentation. As a direct and proximate result, Plaintiff suffered four adverse credit actions: denials by Pentagon Federal Credit Union, Bank of America, Langley Federal Credit Union, and American Express. Plaintiff seeks actual, statutory, and punitive damages plus attorneys' fees and costs against all Defendants.

**Equifax's Statement:**       Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

326737536v.1

**Pinnacle Bank's and GreenSky's Statement:**

GreenSky provides clerical, ministerial, and administrative services and a technology platform to federally-insured, federally-chartered, and state-chartered lenders ("Funding Participants") in connection with the Funding Participants' origination of consumer loans, primarily through a network of merchants (the "GreenSky® Program").  The GreenSky® Program is a consumer lending program conducted by Funding Participants, such as Pinnacle, which GreenSky administers at the direction and on behalf of the Funding Participants. GreenSky, acting on behalf of the Funding Participants, will investigate credit reporting disputes and report the results of any investigations to the credit reporting agencies.

GreenSky and Pinnacle deny Plaintiff's claims and deny that they violated the FCRA. Specifically, the reporting by GreenSky of Plaintiff's account details was indeed accurate.  It is GreenSky's position that Plaintiff either knew or reasonably should have known that GreenSky would accurately report to the Credit Reporting Agencies that Plaintiff had ceased making payments on his valid account.

## 2. Jurisdictional Basis

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 1681p. Defendant Experian maintains its principal United States dispute processing operations at 701 Experian Parkway, Allen, Texas 75013, which is located in Collin County within the Sherman Division. All Defendants transact substantial and regular business in this District, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this District.

## 3. Correct Names of Parties and Anticipated Additional Parties

326737536v.1

The parties are correctly identified as: Plaintiff John W. Thaden; Defendant Equifax Information Services LLC; Defendant Experian Information Solutions, Inc.; Defendant Pinnacle Bank FKA Synovus Bank; and Defendant GreenSky Servicing, LLC. The parties do not presently anticipate adding additional parties but reserve the right to seek leave to do so within the deadline established by the Court's scheduling order.

**4. Related Cases**

The parties are not aware of any related cases currently pending in any state or federal court.

**5. Initial Mandatory Disclosure**

The parties confirm that initial mandatory disclosures required by Rule 26(a)(1) and the Court's Order Governing Proceedings will be completed by July 6, 2026, consistent with the Court's deadline. All parties are in the process of assembling their respective disclosure materials, including the authorizations described in Local Rule CV-34.

**6. Proposed Scheduling Order Deadlines**

The parties propose the following scheduling order deadlines, calculated from the Court's July 24, 2026 Rule 16 Management Conference pursuant to the standard schedule set forth in Appendix 1 to the Court's Order Governing Proceedings:

| EVENT | PROPOSED DEADLINE |
| --- | --- |
| Motions to Transfer | July 31, 2026 |
| Deadline to Add Parties | September 4, 2026 |
| Mediation Deadline | November 13, 2026 |
| Disclosure of Expert Testimony (burden of proof issues) | October 2, 2026 |
| Deadline for Plaintiff's Amended Pleadings (motion required) | October 16, 2026 |

326737536v.1

| | |
|---|---|
| Disclosure of Rebuttal Expert Testimony | October 30, 2026 |
| Deadline for Defendants' Final Amended Pleadings (motion required) | October 30, 2026 |
| Dispositive Motions (summary judgment and other) | October 30, 2026 |
| Objections to Expert Witnesses | December 11, 2026 |
| All Discovery Completed | January 8, 2027 |
| Notice of Intent to Offer Certified Records | May 27, 2027 |
| Deposition Designations Due | June 3, 2027 |
| Motions in Limine | June 8, 2027 |
| Joint Final Pretrial Order | June 8, 2027 |
| Final Pretrial Conference | July 8, 2027 at 9:00 a.m. |
| Jury Selection and Trial | August 2 – September 3, 2027 |

The parties do not request any deviations from the standard schedule currently. Given the four-defendant structure of the case and the need for comprehensive discovery regarding reinvestigation procedures, e-OSCAR ACDV records, and furnisher dispute files, the parties agree that the standard 24-week fact discovery period is appropriate.

**7. Discovery Plan (Rule 26(f))**

    (i)  Subjects on Which Discovery May Be Needed:

**Plaintiff's Statement:** Plaintiff anticipates needing discovery on the following subjects: (a) Equifax's complete reinvestigation file for Plaintiff's March 6, 2026 dispute, including all ACDVs transmitted to GreenSky and Pinnacle Bank, the substance of GreenSky's and Pinnacle Bank's responses, all internal dispute notes, and Equifax's matching algorithm criteria and procedures; (b) Experian's dispute processing records and policies underlying the issuance of suspension letters in response to USPS Certified Mail disputes, including all internal policies, guidelines, and training

materials relating to attorney-initiated or third-party-assisted disputes; (c) the complete Metro 2 reporting history for the GreenSky Account as furnished by Pinnacle Bank and GreenSky to Equifax and Experian, including Account Status (Field 17A), Payment Rating (Field 17B), Compliance Condition Code (Field 17F), and Date of First Delinquency (Field 25); (d) all documentation in Pinnacle Bank's and GreenSky's possession relating to the origination, ownership, and account history of the GreenSky Account ending *3080; (e) all e-OSCAR ACDV communications between the CRAs and furnishers in connection with Plaintiff's disputes; (f) records of any third parties, including PenFed, Bank of America, Langley Federal Credit Union, and American Express, who accessed Plaintiff's consumer reports during the relevant period; and (g) documents relating to Defendants' prior knowledge of systemic dispute processing failures.

**Equifax's Statement:**       Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; **(**6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether  any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11)

whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

**Pinnacle Bank's and GreenSky's Statement:**

Based on what is presently known, Pinnacle Bank and GreenSky anticipate conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the accuracy of the disputed account(s), communications between Plaintiff and the Defendants, reinvestigations conducted by the Defendants, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate his alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiffs' credit history and usage, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer reports; and any other issues raised by the pleadings or discovery.

Based on what is presently known, Pinnacle Bank and GreenSky anticipate taking oral depositions of Plaintiff, Plaintiff's experts, and any relevant third party witnesses, obtaining relevant documents from third parties, if necessary, and any other issues raised by the pleadings or discovery.

(ii) Electronically Stored Information (ESI):

The parties do not anticipate significant ESI preservation disputes currently. The parties agree to preserve discoverable ESI in its native format. Based on the nature of this FCRA case, the parties believe that producing ESI in a reasonably usable format (i.e., hard copy or PDF) is appropriate and proportional to the needs of the case, with the exception of any structured data such as Metro 2 data files, e-OSCAR records, or database extracts, as to which the parties agree to confer

326737536v.1

regarding production format. The parties will work in good faith to resolve any ESI disputes without judicial intervention to the extent practicable and will advise the Court of any unresolved disputes at the Rule 16 management conference.

(iii)  Privilege and Protective Order Issues:
The parties anticipate the need for a protective order to govern the production of confidential consumer credit files, medical records, internal policies and procedures, and proprietary technology information. The parties will confer and submit a jointly proposed protective order to the Court. The parties agree that there are no current disputes regarding privilege and agree that in the event privileged documents are inadvertently produced, the producing party may seek return of such documents consistent with Federal Rule of Evidence 502 and the parties will not oppose a reasonable claw-back request. The parties agree to provide privilege logs in accordance with the Federal Rules and Local Rules.

(iv)  Changes to Discovery Limitations:
The parties do not propose any modifications to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Texas at this time. The parties reserve the right to move the Court for relief from discovery limitations upon a showing of good cause.

(v)  Other Orders Under Rules 26(c) and 16(b), (c):
The parties anticipate submitting a jointly proposed protective order to govern the confidential treatment of consumer credit information, proprietary CRA procedures, and other sensitive materials. The parties do not currently request any other orders pursuant to Rules 26(c) or 16(b), (c) beyond those set forth in the Court's Order Governing Proceedings and the proposed scheduling order but reserve the right to raise additional issues at the Rule 16 management conference.

326737536v.1

**8. Settlement**

**Plaintiff's Statement:** Plaintiff has sent an initial settlement demand to Equifax on May 7, 2026. Plaintiff will send initial demands to Pinnacle Bank and Greensky Servicing, LLC on or before the deadline for disclosures. Plaintiff waiting for Counsel for Experian to appear and intends to send an initial settlement demand.

Plaintiff believes that mediation, after the deadline for fact discoery, would be most productive. Plaintiff suggests that mediation occur no later than the mediation deadline proposed in the scheduling order.

**Defendant Equifax:**  Plaintiff has provided an initial settlement demand to Equifax. Equifax is currently evaluating Plaintiff's claims and anticipates engaging in settlement negotiations with Plaintiff soon.

**Defendant Pinnacle Bank and GreenSky:**  Plaintiff has provided an initial settlement demand to both Pinnacle Bank and GreenSky. Pinnacle Bank and GreenSky are evaluating Plaintiff's demand.

**Mediator:** If the parties agree on a proposed mediator, the name, address, and telephone number of such mediator will be provided to the Court at least six weeks prior to the mediation deadline, in accordance with the Court's Order Governing Proceedings. The parties will confer regarding the selection of a mediator promptly following the Rule 16 management conference.

**9. Identity of Persons Expected to Be Deposed**

Plaintiff anticipates taking depositions of the following persons or entities:

(a) Equifax's Rule 30(b)(6) corporate representative(s) regarding reinvestigation procedures, ACDV processes, and matching algorithms;

326737536v.1

(b) Experian's Rule 30(b)(6) corporate representative(s) regarding dispute processing procedures, suspension letter policies, and reinvestigation practices;

(c) Pinnacle Bank's Rule 30(b)(6) corporate representative(s) regarding the GreenSky Account, the basis for verification, and dispute investigation procedures;

(d) GreenSky Servicing's Rule 30(b)(6) corporate representative(s) regarding the GreenSky Account, dispute investigation procedures, and Metro 2 reporting practices;

(e) Any individual fact witnesses identified in initial disclosures or through discovery.

**Defendant Equifax:**

Equifax identifies the following parties, percipient witnesses, and key documents on the main issues in the case herein based on the information currently and reasonably available to Equifax. Equifax also reserves the right to supplement or amend this information under Fed. R. Civ. P. 26(e) or any other applicable rule:

- Plaintiff John W. Thaden

- Any entity with whom Plaintiff alleges to have applied for credit, employment or insurance. These individuals may have knowledge of the facts at issue in this case regarding account(s) and/or any adverse actions. Name(s) and address(es) presently unknown.

- Any other party to this lawsuit.

- Any witness identified by any other party to this lawsuit.

- Any individual needed for impeachment or rebuttal.

- Any spouse, family members, or friends of Plaintiff, who may have knowledge of the factual basis of the claims and defenses. Name(s) and address(es) presently unknown.

- A representative of the disputed furnisher(s), identity currently unknown. These individuals are likely to have information regarding the account history and reporting of the disputed account(s), including responses to requests for investigation.

326737536v.1

**Defendants Pinnacle Bank and GreenSky:**

Pinnacle Bank and GreenSky anticipate taking the depositions of the following:

- Plaintiff John W. Thaden

- Any entity with whom Plaintiff alleges to have applied for credit, employment or insurance. These individuals may have knowledge of the facts at issue in this case regarding account(s) and/or any adverse actions. Name(s) and address(es) presently unknown.

## 10. Trial Estimate and Jury Demand

Plaintiff has timely demanded a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38. The Plaintiff estimates that trial will require 2-4 days. The Final Pretrial Conference is set for July 8, 2027, at 9:00 a.m. Trial is anticipated to be set between August 2, 2027, and September 3, 2027.

**Defendant Equifax:**  Plaintiff has requested a jury trial. Equifax anticipates a 2-4 day trial.

**Defendants Pinnacle Bank and GreenSky:**  Plaintiff has requested a jury trial. Pinnacle Bank and GreenSky anticipate a 2-4 day trial.

## 11. Attorneys Appearing at Management Conference

The following attorneys of record, each with full authority to bind their respective clients, will appear at the Rule 16 management conference:

For Plaintiff: Heather Hersh, FCRA Attorneys PLLC

For Defendant Equifax- Jennifer Brooks and Paige Vacante, Seyfarth Shaw LLP

For Defendant Experian:

For Defendant Pinnacle Bank: Sean W. Fleming, MACDONALD DEVIN MADDEN KENEFICK HARRIS QUINN, PC

326737536v.1

For Defendant GreenSky: Sean W. Fleming, MACDONALD DEVIN MADDEN

KENEFICK HARRIS QUINN, PC

## 12. Consent to Trial Before Magistrate Judge

The parties do not jointly consent to trial, jury or non-jury, before a United States Magistrate

Judge.

## 13. Other Matters

The parties do not anticipate any other matters requiring special attention of the Court at this time

but reserve the right to raise additional issues at the Rule 16 management conference on July 24,

2026.

Dated:  June 23, 2026.

Respectfully submitted,

*/s/ Heather Hersh*
Heather Hersh
TX State Bar No. 24025426
FCRA Attorneys PLLC
7700 Preston Rd, Suite 703
Frisco, Texas 75034
Tel: (214) 210-9910
Fax: (469) 669-0786
heather@fcraattorneys.com
*Lead Attorney for Plaintiff*

 */s/ Jennifer R. Brooks_____*
Jennifer R. Brooks,
Bar No. 24103791
jrbrooks@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660

Page **12** of **13**

326737536v.1

Dallas, Texas 75201
Telephone: (469) 608-6730
Counsel for Equifax Information
 Services LLC

*/s/ Sean W. Fleming*
SEAN W. FLEMING
State Bar No. 24027250
SFleming@MacdonaldDevin.com
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Phone: (214) 744-3300
Fax: (214) 747-0942
Counsel for GreenSky Servicing,
LLC and Pinnacle Bank FKA
Synovus Bank

326737536v.1